```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL J. MCGOVERN,**

      **Plaintiff,**

**v.**                    //    **CIVIL ACTION NO. 5:14CV69**
                                   (Judge Keeley)

**PPG INDUSTRIES, INC.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 7]
<u>AND DISMISSING THE CASE WITH PREJUDICE</u>**

Pending before the Court is the motion to dismiss with prejudice (dkt. no. 7) filed by the defendant, PPG Industries, Inc. ("PPG"). For the following reasons, the Court **GRANTS** PPG's motion and **DISMISSES** the case with prejudice.

### I. BACKGROUND

PPG is a Pennsylvania chemicals manufacturer that operates a facility known as the "Natrium Plant" in Marshall County, West Virginia. The plaintiff, Michael McGovern ("McGovern"), works on the "third line repackaging line" at the Natrium Plant, where he is responsible for affixing lids to twenty-five gallon buckets of chemicals. McGovern alleges that PPG "fail[ed] to furnish [him] with employment and a place of employment that was free from recognized hazards that were likely to cause death or serious

injury"; "fail[ed] to properly train [him]"; "fail[ed] to conduct a Job Safety Analysis (JSA) prior to the commencement of the work being performed by [him] on December 23, 2011"; and, "fail[ed] to adhere to all applicable repackaging line rules and guidelines, develop and implement proper procedures for operating the repackaging line, ensure that new bucket/lid packaging configuration and process that employees would use to package the calcium hypochlorite was safe and ensure that repackaging line safety protocols were in place." (Dkt. No. 1 at 6-7).

McGovern further alleges that, on December 23, 2011, he was performing his work, when, "as a result of the unreasonable amount of force...and twisting motion required of [him], [he] injured his right arm, elbow, wrist and/or shoulder." Id. at 5. He claims that, as a direct and proximate result of the "actions, omissions and conduct of [PPG]," he suffered physical injury, lost wages and benefits, and other special damages. Id. at 8. McGovern asserts one count against PPG under West Virginia's "deliberate intention" statute, W. Va. Code § 23-4-29(d)(2)(ii).

The Court previously dismissed without prejudice McGovern's identical claim against PPG for failure to state a claim upon which relief can be granted. See McGovern v. PPG Industries, Inc., No.

5:14CV6, 2014 WL 1408077 (N.D.W. Va. Apr. 11, 2014). In an attempt to cure his deficient pleading, McGovern refiled his complaint with additional allegations on May 22, 2014 (Dkt. No. 1).

On July 1, 2014, PPG filed a motion to dismiss McGovern's complaint with prejudice for failure to state a claim upon which relief can be granted (Dkt. No. 7). Specifically, PPG argues that McGovern "has failed to allege that twisting lids onto buckets with an 'unreasonable amount of force' presents both a high degree of risk and strong probability of serious injury or death," as required by subsection (A) of the deliberate intention statute (Dkt. No. 7-1 at 2).

PPG also argues that McGovern fails to allege that "twisting lids onto buckets while having to exercise an unreasonable amount of force violates a statute, rule, or regulation, or a commonly accepted and well-known safety standard within the industry," as required by subsection (C) of the deliberate intention statute. Id. Finally, PPG states that McGovern fails to allege with particularity that PPG "intentionally exposed [him] to an unsafe working condition and that he suffered serious compensable injury or compensable death." Id.

### III. MOTION TO DISMISS

**A. Standard of Review**

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

**B. The Deliberate Intention Statute**

The West Virginia Workers' Compensation Act generally provides broad immunity to qualifying employers against employees' tort actions. See W. Va. Code § 23-2-6. However, the "deliberate intention" statute carves out an exception to that immunity and allows an employee to recover damages from an employer in a deliberate intention case by proving the following five elements:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines

>    which reflect a consensus safety standard in the industry
>    or business, which statute, rule, regulation or standard
>    was specifically applicable to the particular work and
>    working condition involved, as contrasted with a statute,
>    rule, regulation or standard generally requiring safe
>    workplaces, equipment or working conditions;
>
>    (D) That notwithstanding the existence of the facts set
>    forth in subparagraphs (A) through (C), inclusive, of
>    this paragraph, the employer nevertheless intentionally
>    thereafter exposed an employee to the specific unsafe
>    working condition; and
>
>    (E) That the employee exposed suffered serious
>    compensable injury or compensable death as defined in
>    section one, article four, chapter twenty-three whether
>    a claim for benefits under this chapter is filed or not
>    as a direct and proximate result of the specific unsafe
>    working condition.

§ 23-4-2(d)(2)(ii)(A)-(E); see also Syl. Pt. 2, Helmick v. Potomac Edison Co., 406 S.E.2d 700, 702 (W. Va. 1991) ("To establish 'deliberate intention' in an action under [W. Va. Code § 23-4-2(d)(2)(ii)], a plaintiff or cross-claimant must offer evidence to prove each of the five specific statutory requirements.").

**C.   Analysis**

   **1)   Violation of a Statute, Rule, Regulation, or Standard**

   In PPG's motion to dismiss, it contends that McGovern "cannot and does not" allege sufficient facts regarding a specific unsafe working condition to establish a violation of a state or federal

6

safety statute, rule, or regulation, or a commonly accepted and well-known safety standard within the industry of the employer, as required by subparagraph (C) of the deliberate intention statute. (Dkt. No. 7-1 at 5).

The Supreme Court of Appeals of West Virginia has drawn a distinction between statutes or regulations that generally require a safe workplace, and statutes or regulations that impose a specific, mandatory duty upon employers in a particular industry. The latter are cognizable under subparagraph (C), whereas the former are not. In McComas v. ACF Industries, LLC, the Court noted that subparagraph (C) of the deliberate intention statute "also requires proof that the safety regulation or safety standard is specifically applicable to the particular work and working condition involved in the action." 750 S.E.2d 235, 242 (W. Va. 2013).

In McComas, the Supreme Court of Appeals of West Virginia denied summary judgment to the employer because the employee adequately alleged facts to satisfy subparagraph (C) of the deliberate intention statute. Id. at 242. The employee, a welder, had sustained severe burns from a 480-volt electrical box when he tried "to turn on the power at his work station for lighting and to

7

operate an electric welding machine." Id. at 237. He sued his employer under the deliberate intention statute, alleging violations of Standards 70B and 70E, two regulations addressing electrical safety in the workplace. Id. Pursuant to Standard 70B, an employer must inspect energized fused switch boxes every three to six months for overheating, and clean, inspect, and maintain non-energized switch boxes every three to six years. Id. at 241. Under Standard 70E, an employer must maintain "insulation integrity...to support the voltage impressed." Id. at 242. The Supreme Court of Appeals of West Virginia found Standards 70B and 70E to be specific safety regulations applicable to the particular work involved, and reversed the circuit court's grant of summary judgment on that issue. Id. at 242, 245.

McGovern alleges that PPG violated two specific West Virginia Code provisions due to "the unreasonable amount of force and twisting motion required by the new bucket/lid packaging configuration and process." (Dkt. No. 1 at 7). McGovern first cites W. Va. Code § 21-3-1, which states, in relevant part, that

> [e]very employer shall furnish employment which shall be reasonably safe for the employees therein engaged and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render employment and the place of employment

8

> safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees.

W. Va. Code § 21-3-1. The statute applies "to any employment," and is not limited to a particular industry. McGovern also cites W. Va. Code § 21-3a-5, which requires, in relevant part, employers to "furnish to each of [their] employees employment and a place of employment...free from recognized hazards causing or likely to cause death or serious physical harm...," and to "comply with occupational safety and health standards...." W. Va. Code § 21-3a-5.

McGovern claims that these two West Virginia Code provisions are sufficient to satisfy the requirements of subparagraph (C), whereas PPG argues these code sections are general requirements of workplace safety, not cognizable under subparagraph (C). (Dkt No. 1 at 7; Dkt. No. 9 at 2). On this point, the Court finds <u>Bowden v. Frito-Lay, Inc.</u> persuasive authority. 2010 WL 3835222, at *8 (S.D.W. Va. Sept. 28, 2010).

In <u>Bowden</u>, the United States District Court for the Southern District of West Virginia was asked to decide whether § 21-3-1 was a general safety requirement, or imposed a specific affirmative

9

duty on employers. After discussing case law from the Supreme Court of Appeals of West Virginia, the court found that § 21-3-1 "only imposes a general safety requirement upon employers, with no specific requirements or duties." Id. As a result, summary judgment was appropriate for the employer because the employee could not establish the elements of deliberate intention under the West Virginia statute. Id.

Other cases in the Southern District of West Virginia have similarly held that the safety statute or standard must put the employer on notice by specifically addressing "the unsafe working condition in question." Greene v. Carolina Freight Carriers, 663 F.Supp. 112, 115 (1987). There, the court found that a regulation generally requiring safe equipment was insufficient because "[i]t is quite abstract in its command." Id.

This Court finds Bowden's reasoning persuasive, and holds that § 21-3-1 is a general safety requirement insufficient to state a claim under subparagraph (C) of the West Virginia deliberate intention statute. This is consistent with the existing body of case law, as well as with common sense. The employer's duty to furnish a safe place of employment and to adopt methods and processes for safety is also "quite abstract in its command," and

10

fails to impose specific requirements or duties on employers in the chemical manufacturing industry. Greene, 663 F.Supp. at 115.

McGovern's attempt to satisfy subparagraph (C) by relying on W. Va. Code § 21-3a-5 fails for the same reason. Although the Court could not find case law directly on point, § 21-3a-5 contains the same type of general safety requirements as § 21-3-1. Section 21-3a-5 requires employers to furnish a safe place of employment, free from recognized hazards; to furnish the employee, upon request, with a written statement listing any toxic or hazardous substances with which the employee comes into contact; and, to comply with occupational safety and health standards. These are not the type of specific, affirmative duties that would put PPG on notice by specifically addressing the unsafe working condition in question.

**2)  Unsafe Working Condition**

Not only does McGovern fail to allege a specific statute, but he also fails to allege sufficient facts that the unsafe working condition posed a strong probability of serious injury or death, as required by subparagraph (A) of the deliberate intention statute. McGovern must plead sufficient facts to show "[t]hat a specific

11

unsafe working condition existed in the workplace which presented a high degree of risk **and** a strong probability of serious injury or death." W. Va. Code § 23-4-2(d)(2)(ii)(A) (emphasis added).

In his complaint, McGovern alleges that PPG's practice of requiring him to affix the lids onto the buckets using a twisting motion created an unsafe working condition. (Dkt. No. 1, at 3). Specifically, McGovern alleges that "the worker affixing the lid to the full bucket of product could not affix the lid to the bucket without an unreasonable amount of personal force coupled with a twisting." Id. McGovern must show that the unsafe working condition presented a high degree of risk and a strong probability of serious injury. His allegations are still deficient in that respect.

McGovern's complaint states that "[t]his new bucket/lid product configuration and process created a high degree of risk and a strong probability of injury because of the unreasonable amount of force required by the employee to affix the new lid to the new bucket and the twisting motion required while applying the unreasonable amount of force." Id. at 3-4. See also id. at 7. While McGovern has restated his allegation of the unsafe working

12

condition to include buzzwords from the statute, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286.

McGovern's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547). To state a claim for relief, McGovern must establish that the unsafe working condition presents both a "high degree of risk" **and** a "strong probability of serious injury or death." W. Va. Code § 23-4-2(d)(2)(ii)(A). The Court can infer from McGovern's complaint that the use of "unreasonable" force, combined with the twisting movement necessary to affix the lids to the buckets, poses a high degree of risk.

However, the Court cannot infer, without any factual basis, that the unsafe working condition presents a "strong probability of serious injury or death." McGovern's allegation that he had to use unreasonable force, coupled with a twisting motion, to affix the lid to the bucket falls short of alleging a "strong probability of serious injury or death." Here, McGovern fails to nudge his claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. As a result, the complaint must be dismissed.

McGovern's complaint fails to cure the defect that plagued his previous complaint. McGovern v. PPG Industries, Inc., No. 1:14CV6, 2014 WL 1408077 (N.D.W. Va. Apr. 11, 2014). There, the Court held that McGovern's "allegations might suffice as to the unsafe working condition," but that "the complaint does not plausibly allege that the unsafe condition posed any degree of risk or probable injury...." Id. at *5

## IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** PPG's motion to dismiss and **DISMISSES** this case **WITH PREJUDICE**.[1]

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order, and to transmit copies of this order to counsel or record.
DATED: September 30, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] McGovern's complaint is dismissed with prejudice because his previous complaint was dismissed without prejudice in McGovern v. PPG Industries, Inc., No. 1:14CV6, 2014 WL 1408077 (N.D.W. Va. Apr. 11, 2014). See Hinks v. Board of Educ. of Harford Cty., 2010 WL 5087598 at *2 (D. Md. Dec. 7, 2010) ("A court has the discretion to grant a motion to dismiss with or without prejudice.").